UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EDWARD ROYA,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC CRANE MAINTENANCE COMPANY, LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-06321-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 57, 58 |

    This is the third round of motion-to-dismiss briefing in this case. For the reasons stated below, the motions to dismiss are granted. The plaintiff will have one final chance to amend his complaint. Any amended complaint must be filed within three weeks from the date of this order—that is, May 28, 2025. Deficient or late filings will not be excused.

    In his first amended complaint, the plaintiff claimed that he had been the victim of age and race discrimination as a Black man over forty years of age. He alleged that he was interviewed by Pacific Crane Maintenance Company (PCMC) for a job but was not hired. He said that PCMC instead hired younger men ("none over age 60") who were not Black and who were not as skilled as he was, and who, according to PCMC's contract with the union, were class B workers who should have been hired after him, a class A worker. It could be that these allegations might have been enough to state a failure-to-hire claim, but at the motion-to-dismiss hearing, the plaintiff assured the Court that he had further details that he could add to his complaint regarding his failure-to-hire claim against PCMC and the circumstances in which the incident arose, and he wanted to add claims against the Pacific Maritime Association (PMA),

which did not have any allegations against it in the first amended complaint. On that basis, the Court granted the motions to dismiss and gave the plaintiff leave to amend his complaint.

But in his second amended complaint, the complaint at issue in this order, Roya deleted the facts he previously had pled regarding his qualifications as they related to the job he applied for but did not receive, and the allegations that PCMC hired someone else who was not as qualified as him, was not Black, and was younger. He appears to raise the issue that the defendants are not hiring any Black people on a systematic basis. But for Roya to properly plead his failure-to-hire claim, he needed to plead more facts about himself. A prima facie case for hiring discrimination requires a showing that: (i) the plaintiff belongs to a protected class; (ii) the plaintiff "applied and was qualified for a job for which the employer was seeking applicants;" (iii) despite the plaintiff's qualifications, he was rejected; and (iv) after the rejection, "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). In addition, the plaintiff says that he turned down a job as a crane mechanic with PMA, but it's not clear whether that is related to his failure-to-hire claim against PCMC or whether he is attempting to assert an additional claim against PMA.

The plaintiff also appears to try to state a hostile workplace claim against PCMC and PMA, asserting that they treat "treat Black mechanic[s] as if they are inferior to Caucasian & other mechanics" and citing instances and assaults that he claims were race-based. To state a claim relating to a hostile work environment, the plaintiff needed to allege facts showing that the harassment was "sufficiently severe or pervasive" such that it "alter[ed] the conditions of the victim's employment and create[d] an abusive working environment." *McGinest v. GTE Service Corporation*, 360 F.3d 1103, 1113 (9th Cir. 2004). Without more information, including around what date the incidents occurred and whether he was employed by either of the defendants at the time of these incidents, the Court is unable to assess whether the allegations provided are enough.

Finally, the plaintiff seems to gesture toward a claim that the defendants are violating a

collective bargaining agreement through their hiring processes. He alleges that it would have been futile to exhaust this claim with the union, but he does not give any facts for the Court to evaluate this claim.

Due to the plaintiff's status as a pro se litigant, the Court is giving him one more chance to plead his case. The plaintiff should ensure that all of the facts he would like the Court to consider are in the complaint that he files, which should be titled "Third Amended Complaint." If the plaintiff needs assistance, he may wish to consult the Federal Pro Bono Project, the Northern District of California's free legal help desk for self-represented individuals. He can reach the help desk by emailing fedpro@sfbar.org or calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: May 7, 2025

VINCE CHHABRIA
United States District Judge